WILLIAM BERKOWITZ, PROSECUTOR, v. THE FIRST DIS-
TRICT COURT OF JERSEY CITY, AUGUST ZIEGENER,
JUDGE OF SAID COURT, DEFENDANTS.

Argued October 8, 1930—Decided November 18, 1930.

Before Justices CAMPBELL and BODINE.

For the prosecutor, *Lionel P. Kristeller.*

For the defendants, *McCarthy & McTague.*

PER CURIAM.

The writ brings up an order made in the First District
Court of Jersey City directing the defendant to pay to the
plaintiff the sum of $30 each and every week out of his earn-
ings beginning June 7th, 1930, and each and every week
thereafter until a judgment in the sum of $316.30, together
with interest and costs is fully paid. The order was entered
pursuant to a supplement to the District Court act (*Pamph.
L.* 1924, *p.* 431, (italics ours), as follows:

"Hereafter when a judgment has been recovered in any
District Court of this state and where an execution issued
upon said judgment has been returned wholly or partly un-
satisfied and where any wages, debts, earnings, salary, income
from trust funds, or profits are due and owing to the judg-
ment debtor, *or shall thereafter become due and owing to
him to the amount of eighteen dollars or more per week,*
the judgment creditor may apply to the court in which said

judgment was recovered, without notice to the judgment debtor and upon satisfactory proofs of such facts by affidavits or otherwise, *the court must grant an order directing that an execution issue against the wages, debts, earnings, salary, income from trust funds, or profits of said judgment debtor,* and on presentation of such execution by the officers to whom delivered for collection to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits are due and owing, or thereafter become due and owing, to the judgment debtor, *said execution shall become a lien and a continuing levy upon the wages, debts, earnings, salary,* income from trust funds or profits due or to become due to said judgment debtor to the amount specified therein, *which shall not exceed ten per centum unless the income of said debtor shall exceed the sum of one thousand dollars per annum,* in which case the judge may order a larger percentage, and said levy shall become a continuing levy until said execution and the expenses are fully satisfied and paid or until modified as hereinafter provided, *but only one execution against* the wages, debts, earnings, *salary,* income from trust funds or profits *of said judgment debtor shall be satisfied at one time,* and where more than one execution has been issued or shall be issued pursuant to the provisions of this section against the same judgment debtor they shall be satisfied in the order of priority in which such executions are presented to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits are due and owing."

It appeared that the defendant was in receipt of an annual salary of $16,800. The Supreme Court had previously entered an order directing his employers to pay ten per cent. of this salary, as earned, upon a judgment of the Elizabethport Banking Company in the sum of $30,000. It is submitted to us that because of this order the District Court was without jurisdiction. We do not so view the statute. Obviously, there may be satisfaction of only one judgment at a time in District Court executions, but the statute was not designed to prevent execution for wages because there had been a

previous execution in another court. The limitation upon the general language of the statute directing the issuance of the execution is confined to execution in a District Court, and provides that judgments there entered shall be satisfied out of salaries one at a time. The defendant had a salary of $1,260 a month, free of the Elizabethport Banking Company levy. The District Court certainly could levy upon this even though it could not satisfy several District Court executions at the same time.

The order under review is affirmed.